619 So.2d 828 (1993)
STATE of Louisiana
v.
Sam CRAWFORD.
No. 92 KA 1023.
Court of Appeal of Louisiana, First Circuit.
May 28, 1993.
*829 Clifford Foster, Asst. Dist. Atty., Houma, for plaintiff and appelleeState of La.
William H. Dunckelman, Office of the Indigent Defender, Houma, for defendant and appellantSam Crawford.
Before CARTER, LeBLANC and PITCHER, JJ.
LeBLANC, Judge.
Defendant, Sam Crawford, was charged by grand jury indictment with aggravated rape, in violation of La. R.S. 14:42 A(4). After a jury trial, he was found guilty of the responsive offense of attempted aggravated rape. Defendant was sentenced to forty years at hard labor, with credit for time served. Defendant appeals, urging five assignments of error. Assignments of error numbers one and four were expressly abandoned by defendant and will not be considered.

FACTS
Clara Westley, the four year-old victim's mother, testified that, on December 10, 1988, defendant came to her house between 6:00 and 6:30 p.m. to visit; and they began drinking. Some time later, defendant left the house to go to the store to purchase more liquor. Defendant returned to the house at around 8:30 p.m. with Ms. Westley's boyfriend, Calvin Tolbert; and the three adults visited and continued drinking. At approximately 11:00 p.m., Ms. Westley put her two children (a girl, age four, and a boy, age two) to bed in her bedroom. Because Mr. Tolbert was there to keep defendant company, Ms. Westley decided that she would take her bath. After entering the bathroom, Ms. Westley noticed that the water was not running hot, and she went to check the hot water heater. On her way back to the bathroom, she saw defendant in her bedroom on top of her daughter and told him to get up. When defendant did not move, Ms. Westley called Mr. Tolbert to come get defendant off of her daughter. When Mr. Tolbert pulled defendant off, Ms. Westley noticed that defendant's penis was outside of his pants and that her daughter's panties were on top of the pillow. Ms. Westley called the police, and defendant was arrested.
Dr. Donald Thibodaux, an emergency room physician at Terrebonne General Hospital, testified that he examined the victim at 1:00 a.m. on December 11 (a few hours after the incident) and found a recent tear in her vagina. Dr. Thibodaux testified that the tear at the base of her vagina could be caused by the penetration of a penis.

ASSIGNMENTS OF ERROR NUMBERS TWO AND THREE
In his brief, defendant argues these assignments of error together; thus, they will be addressed together. In assignment of error number two, defendant alleges that the trial court erred by admitting into evidence defendant's written statement over his objections.[1] Specifically defendant argues that, due to his intoxication, his statement was not freely, knowingly, and voluntarily made. In assignment of error number three, defendant alleges that the verdict was contrary to the law and the evidence. He argues that, due to his intoxication, he was not able to form the requisite specific intent and, therefore, the evidence was insufficient to support the conviction.

*830 ADMISSION OF DEFENDANT'S WRITTEN STATEMENT
In reviewing the admissibility of inculpatory statements made by a defendant, we apply the rules governing the admissibility of confessions. State v. Mason, 447 So.2d 1134, 1136 (La.App. 1st Cir.1984). For a confession or inculpatory statement to be admissible into evidence, the State must affirmatively show that it was freely and voluntarily given without influence of fear, duress, intimidation, menaces, threats, inducements or promises. La.R.S. 15:451. Additionally, the State must show that an accused who makes a statement or confession during custodial interrogation was first advised of his Miranda rights. State v. King, 563 So.2d 449, 453 (La.App. 1st Cir.), writ denied, 567 So.2d 610 (1990). The admissibility of a confession is in the first instance a question for the trial court. Its conclusions on the credibility and weight of testimony relating to the voluntariness of the confession for the purpose of admissibility will not be overturned on appeal unless they are not supported by the evidence. State v. Daughtery, 563 So.2d 1171, 1177 (La.App. 1st Cir.), writ denied, 569 So.2d 980 (1990). Whether or not a showing of voluntariness has been made is analyzed on a case by case basis with regard to the facts and circumstances of each case. State v. Benoit, 440 So.2d 129, 131 (La.1983). The trial court must consider the totality of the circumstances in deciding whether a statement or confession is admissible. State v. Hernandez, 432 So.2d 350, 352 (La.App. 1st Cir.1983).
When the free and voluntary nature of a confession is challenged on the ground that the defendant was intoxicated at the time of the confession, the confession will be rendered inadmissible only when the intoxication is of such a degree as to negate the defendant's comprehension and to render him unaware of the consequences of his statement. Whether or not intoxication exists and is of a degree sufficient to vitiate the voluntariness of the confession are questions of fact, and the trial court's conclusion on this issue will not be disturbed unless unsupported by the evidence. State v. Latiolais, 563 So.2d 469, 472 (La.App. 1st Cir.1990).
Deputy Mike Holcomb, of the Terrebonne Parish Sheriff's Office, responded to the complaint and arrived at Ms. Westley's house between 11:00 p.m. and 12:00 a.m. Deputy Holcomb testified that he read defendant his Miranda rights verbatim and that defendant indicated that he understood them. Deputy Holcomb testified that he had difficulty understanding defendant but that he was not certain whether the difficulty was due to defendant's intoxication, a speech impediment, or an ethnic accent. Defendant was transported by Deputy Holcomb to the jail, where Deputy Holcomb was relieved by Detective Gary Williams.
Detective Williams of the Terrebonne Parish Sheriff's Office testified that, at the jail, he advised defendant of his Miranda rights and read him the contents of the Waiver of Rights form, line by line. Defendant indicated he understood his rights and the form which he signed. The Waiver of Rights form, which was shown to the jury, indicates that defendant completed the twelfth grade of high school. Detective Williams testified that he was aware that defendant had been drinking but that he could not say that defendant was drunk. Detective Williams testified that he did not threaten defendant or promise him anything in order to coerce the statement but, rather, that defendant voluntarily made the statement at 1:10 a.m.
After a careful review of the record and the evidence, we find that the State affirmatively showed that defendant's statement was freely and voluntarily given without influence of fear, duress, intimidation, menaces, threats, inducements or promises. Further, we find that the State proved that defendant's intoxication was not such that it rendered him unaware of the consequences of his statement. Therefore, the trial court correctly admitted defendant's statement into evidence.

DEFENDANT'S SPECIFIC INTENT
We note that in order to challenge this conviction on the basis of insufficiency *831 of the evidence, defendant should have proceeded by way of a motion for post-verdict judgment of acquittal. See, La.C.Cr.P. art. 821. Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error. See, State v. Tate, 506 So.2d 546, 551 (La.App. 1st Cir.), writ denied, 511 So.2d 1152 (1987).
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude the state proved the essential elements of the crime beyond a reasonable doubt. See La. C.Cr.P. art. 821. The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review, incorporated in article 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La.R.S. 15:438 provides that the fact finder must be satisfied that the overall evidence excludes every reasonable hypothesis of innocence. State v. McLean, 525 So.2d 1251, 1255 (La.App. 1st Cir.), writ denied, 532 So.2d 130 (1988).
La.R.S. 14:42 provides, in pertinent part:
A. Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
* * * * * *
(4) When the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.
La.R.S. 14:27 provides, in pertinent part:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
Specific intent is defined as "that state of mind which exists when the circumstances indicate that the offender actually desired the prescribed criminal consequences to follow his act or failure to act." La.R.S. 14:10(1). Specific intent may be proved by direct evidence, such as statements by a defendant, or by inference from circumstantial evidence, such as a defendant's actions or facts depicting the circumstances. State v. Johnson, 461 So.2d 1273, 1277 (La.App. 1st Cir.1984). The trier of fact is to determine the requisite intent in a criminal case. State v. Huizar, 414 So.2d 741, 751 (La.1982).
Defendant contends that his intoxication at the time of the offense prevented his formation of the specific intent to rape the victim. The sheriff's officers testified that defendant had been drinking and smelled of alcohol. They also testified that defendant understood what was happening when they arrested him and was able to read and understand his Waiver of Rights form. According to the arresting officer's testimony, defendant was arrested shortly after the incident because the officer arrived at the house between 11:00 p.m. and 12:00 a.m., and Ms. Westley testified she put the children to bed around 11:00 p.m.
Voluntary intoxication is a defense to a prosecution for attempted aggravated rape only if the circumstances indicate that it has precluded the presence of specific criminal intent. La.R.S. 14:15(2). When defenses which actually defeat an essential element of an offense, such as intoxication, are raised by the evidence, the State must overcome the defense by evidence which proves beyond a reasonable doubt that the mental element was present despite the alleged intoxication. State v. Guidry, 476 So.2d 500, 503 (La.App. 1st Cir 1985), writ denied, 480 So.2d 739 (1986).
In the instant case, defendant left the living room of the house and entered the bedroom in which the victim was sleeping, took out his penis and laid on top of the victim, who did not have her panties on when defendant was discovered on top of her. (Ms. Westley testified that at no time during the evening did she remove her daughter's panties.) We find that, based *832 on defendant's actions, rational fact finders could conclude beyond a reasonable doubt that defendant did have the specific intent to rape the victim, despite his intoxication. Therefore, for the reasons herein stated, these assignments of error are meritless.

ASSIGNMENT OF ERROR NUMBER FIVE
In this assignment of error, defendant alleges that the trial court erred in imposing an excessive sentence. Specifically, defendant contends that his sentence is nothing more that the needless imposition of pain and suffering and is grossly disproportionate to the severity of his crime.
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has wide discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir.1990).
The penalty for attempted aggravated rape is imprisonment at hard labor for not more than fifty years. La.R.S. 14:42 C and 14:27 D(1). Defendant was sentenced to forty years imprisonment at hard labor.
The Louisiana Code of Criminal Procedure sets forth factors which must be considered by the trial court before imposing sentence. La.C.Cr.P. art. 894.1 (prior to its amendment by Act 22, Sec. 1, of 1991).[2] The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (1990). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir.1988).
The trial court ordered a presentence investigation and, in its reasons for sentencing, noted that defendant previously had pled guilty to the crime of carnal knowledge of a juvenile. Defendant was sentenced to twelve months in the parish jail, which was suspended; and he was placed on probation for five years. The court further noted that defendant previously had been charged with driving while intoxicated. The trial court stated that it had read and considered thirty-one letters sent on behalf of defendant asking for clemency. The court noted that, because of his previous conviction, defendant was not eligible for a probated sentence and that any lesser sentence would deprecate the seriousness of defendant's crime. The court stated that the harm to the four year-old victim will probably extend throughout the rest of her life.
We cannot say the sentence is excessive under the circumstances. The sentence is within the sentencing range and does not appear to be grossly disproportionate to the offense committed. We find no manifest abuse of the trial court's sentencing discretion. For the reasons stated, we find this assignment of error without merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The record reveals that defendant did not file a motion to suppress. Defendant made his objection to the admission of his statement during trial, and it was overruled.
[2] Defendant was sentenced on May 25, 1990, well before the new sentencing guidelines went into effect.