782 So.2d 111 (2001)
STATE of Louisiana, Appellee,
v.
Roy H. "Bubba" MANASCO, Jr., Appellant.
No. 34,236-KA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 2001.
*112 John M. McDonald, Shreveport, Counsel for Appellant.
Richard Ieyoub, Attorney General, Don M. Burkett, District Attorney, H. Melissa Sugar, Assistant District Attorney, Counsel for Appellee.
Before BROWN, STEWART and DREW, JJ.
STEWART, J.
The defendant, Roy H. Manasco, pled guilty to one count of attempted aggravated rape, one count of oral sexual battery, and one count of aggravated burglary on April 17, 2000. The defendant was sentenced to 30 years at hard labor without benefit of parole or suspension of sentence for the attempted aggravated rape, and 10 years for each count of oral sexual battery and aggravated burglary. These sentences *113 were to run concurrently. On appeal, the defendant urges two assignments of error. However, finding no merit in either assignment, we affirm his conviction and sentence.

FACTS
On May 29, 1999, the defendant and a friend unlawfully entered the home of Joyce Swanson ("Joyce"), a 74-year-old female who was terminally ill with cancer. Once inside Manasco found Joyce lying in bed. The defendant removed her panties and began to perform oral sex on her. He then inserted his finger inside her vagina. Next, he climbed on top of her and attempted to insert his penis inside her vagina.
The individual accompanying the defendant attempted to get him to leave Joyce alone. In fact, Joyce pleaded with him to help her, but he replied that "he couldn't." Instead, in what Joyce described as an attempt to comfort her, he held her hand as the defendant assaulted her. After ten minutes, the defendant was finally persuaded to leave. Joyce called her sister who then called the police.

DISCUSSION

First Assignment of Error
The defendant argues that the judge failed to consider several mitigating factors in imposing a 30-year sentence. Specifically, the defendant asserts that his lack of a violent criminal record, long history of drug abuse, lack of deliberate cruelty, the state's failure to meet its burden of proof as to the required element of penetration, and the fact that he was a first felony offender are factors that should have resulted in a less severe sentence. The defense filed a motion to appeal and a motion to reconsider, but did not include any specific grounds for reconsideration of the sentence.
Conversely, the state contends that the trial court carefully considered all mitigating and aggravating circumstances under La.C.Cr.P. art. 894.1 and sentenced the defendant accordingly. Further, the state argues that the defendant derived a substantial benefit under his plea bargain. Without the plea bargain, the defendant faced a minimum mandatory jail exposure of life imprisonment for aggravated rape. With a plea to attempted aggravated rape, the defendant faced a jail exposure of 10 to 50 years at hard labor without benefit of parole, probation, or suspension of sentence. See La. R.S. 14:27 D(1) and 14:42. Therefore, a sentence of 30 years does not shock the sense of justice.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894-1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App. 2 Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Jones, *114 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988). Moreover, there is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2 Cir.3/1/00), 754 So.2d 392; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979. The record adequately indicates the trial court was aware of the matters urged by the defense prior to imposing sentence.
Furthermore, not only must a motion for reconsideration be timely filed with the trial court, but the motion must also contain a specific ground or grounds upon which the defendant is seeking to have the sentence reconsidered. State v. Barnes, 607 So.2d 872 (La.App. 2d Cir. 1992); La.C.Cr.P. art. 881.1(D). Since defendant's motion for reconsideration merely alleged that the sentence is excessive, under State v. Mims, 619 So.2d 1059 (La. 1993), he is "simply relegated to having the appellate court consider the bare claim of excessiveness." This bare claim preserves only a claim of constitutional excessiveness, Mims, supra; State v. McEachern, 624 So.2d 43 (La.App. 2d Cir.1993).
Consequently, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
Additionally, the trial court has wide discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, the court will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
Clearly, the trial court did not abuse its discretion by imposing a 30-year sentence for attempted aggravated rape where the defendant had a possible jail exposure of 50 years. Therefore, this assignment is without merit.

Second Assignment of Error
The defendant, citing State v. Carter, 97,1096 (La.App. 4 Cir.1998), 713 So.2d 796, argues that the trial court erred in allowing the three charges to be tried together, and that the excessive sentence is the result of the cumulation of these charges.
The state asserts that the defendant's conviction was the result of a guilty plea and not based on a trial by jury. Therefore, the defendant's contention is without merit.
The excessive sentence argument was addressed above, and the defendant incorrectly relies upon Carter, supra, in that *115 the defendant's conviction was reversed because it was obtained by an improper number of jurors. Consequently, this assignment is without merit.
Lastly, the defendant requested a review the record for errors patent. This request is unnecessary since such a review is made automatically in all criminal cases. State v. Bryant, 29,344 (La.App. 2 Cir.5/7/97), 694 So.2d 556; State v. Stamper, 615 So.2d 1359 (La.App. 2 Cir. 1993), modified on other grounds, 624 So.2d 1208 (La.1993). No errors patent were noted.

CONCLUSION
Neither of the defendant's contentions have any merit. The sentence of 30 years as a result of the plea bargain was in the middle range of possible jail exposure and not excessive. Consequently, his sentence and conviction are affirmed.
AFFIRMED.