801 So.2d 534 (2001)
STATE of Louisiana, Appellee,
v.
Joseph Matthew SHOLAR, Appellant.
No. 35,047-KA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 2001.
Dissenting Opinion November 5, 2001.
*535 Steven R. Thomas, Mansfield, J. Wilson Rambo, Louisiana Appellate Project, Counsel for Appellant.
Richard Ieyoub, Attorney General, Baton Rouge, Don Burkett, District Attorney, Many, Melissa Sugar, Assistant District Attorney, Counsel for Appellee.
Before BROWN, STEWART and PEATROSS, JJ.
Dissenting Opinion of Judge Stewart, November 5, 2001.
BROWN, J.
Defendant was sentenced to 15 years at hard labor after pleading guilty to aggravated burglary. After his motion for reconsideration (or alternatively, to set aside the guilty plea) was denied, defendant filed a motion to amend the sentence. The court amended the sentence to ten years at hard labor. Defendant subsequently filed another motion to reconsider on the same grounds as the original motion, which was denied. Defendant now appeals, claiming that his guilty plea should have been set aside and that his amended sentence of ten years is excessive. Because the trial court had no authority to amend the sentence, we vacate and set aside the sentence and remand for resentencing with instructions.

*536 Facts

On May 29, 1999 in DeSoto Parish, Louisiana, defendant, Joseph Matthew Sholar, along with Roy H. "Bubba" Manasco, Jr., unlawfully entered the home of the victim, a 74 year old female who was terminally ill with cancer. Once inside the home, Bubba Manasco sexually assaulted the victim. Both defendant and Manasco were charged with aggravated rape, aggravated oral sexual battery and aggravated burglary.
On November 10, 1999, pursuant to a plea bargain, the state filed a new bill of information charging defendant with aggravated burglary. As part of the plea bargain, defendant agreed to cooperate in the trial of his co-defendant, Bubba Manasco. After defendant was thoroughly Boykinized, his guilty plea to aggravated burglary was accepted by the court.[1]
Sentencing hearings were conducted on April 14 and June 29, 2000. The prosecution presented testimony from defendant's high school principal. Defendant and his parents also testified. The trial court sentenced defendant on July 21, 2000, to 15 years at hard labor, with credit for time served. The trial court provided written reasons for the sentence. Defendant's attorney orally objected to the sentence. The court stated that, "I'll show your objection but we need to follow up in writing." No time limit was specified; however, on August 21, 2000, the trial court granted defendant an extension of time until 15 days after the completion of the transcript. On November 6, 2000, defendant set out his objections to the sentence and alternatively, requested that the guilty plea be set aside. Defendant contended that the trial court did not articulate sufficient reasons for the sentence. According to defendant, the trial court failed to consider the mitigating factors of his youth, his intoxication and his minor degree of involvement in the offense.
Alternatively, defendant requested that he be allowed to withdraw his guilty plea. Affidavits by defendant, his parents and defendant's attorney were filed into the record. All of the affiants asserted that prior to the guilty plea, defense counsel explained to defendant and his parents that he had spoken with the judge and that the sentence would not be more than and would likely be less than ten years.
A hearing on the motion was held on December 11, 2000. Defense counsel submitted the affidavits and a manila folder upon which he made a notation following his conversation with the trial judge. The notation reflected only the terms of the plea agreement and that a PSI would be conducted. It did not reflect any ten-year cap or sentence. In fact, defense counsel stated at the guilty plea proceeding that sentencing would be based upon a presentence investigation (PSI). The sentencing judge recalled a discussion about the sentence with defense counsel, but denied that he agreed to a ten-year cap. Defense counsel conceded that he misunderstood the court and accepted full responsibility for the miscommunication to his client. He stated that his client was aware that by withdrawing the plea, he could be tried on the other charges and faced a possible exposure of life imprisonment. The assistant district attorney stated that she had just been given the affidavits and was reading them and did not want to cross examine the affiants; however, after further discussion, she specifically objected. The trial court then denied the *537 motions. A motion to amend the sentence was filed on December 18, 2000. On January 2, 2001, the trial court granted the motion to amend and reduced the sentence to ten years at hard labor.
Defendant filed a "first amending and supplemental motion to reconsider sentence" on January 4, 2000, which was denied. On the same date, defendant filed a motion for an appeal.

Discussion

Errors Patent
In accordance with La.C.Cr.P. art. 920, all appeals are reviewed for errors patent on the face of the record.
When the defendant in a felony case has been sentenced to imprisonment at hard labor, there is no provision allowing an amendment of a legal sentence after its execution has begun. La.C.Cr.P. Art. 881(B); State v. McMillon, 25,843 (La. App.2d Cir.03/30/94), 634 So.2d 974. La. C.Cr.P. art. 881, providing for amendment of sentence, states:
(A) Although the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence.
(B) After commencement of execution of sentence, in felony cases in which the defendant has been sentenced to imprisonment without hard labor and in misdemeanor cases, the sentencing judge may reduce the sentence or may amend the sentence to place the defendant on supervised probation. If a sentence is reduced or amended, a copy of the minute entry reflecting the judgment reducing or amending the sentence shall be furnished to the district attorney and the arresting law enforcement agency.
We note that the Official Revision Comment following La.C.Cr.P. art. 881 states in part:
[T]he judges [Louisiana district judges] are strongly against any provision, such as Fed. Rule 35, which authorizes reduction of a sentence after the beginning of its execution. Such a procedure can subject the sentencing judge to continuous harassment by the defendant's relatives, friends, and attorneys, and would virtually constitute the judge a "one man pardon board" as several of the judges aptly point out.
La.R.S. 15:566.2 provides that whenever a prisoner is sentenced to the state penitentiary (hard labor) and has not been released on bail or perfected a suspensive appeal, such a sentence shall be considered as commencing on the day following the day on which such prisoner is sentenced without regard to the actual date of incarceration in the state penitentiary. La.R.S. 15:566.2 is in Chapter 4, Execution of Sentence, whereas Article 881 falls under the sentencing provisions of Title 30. Article 881, interpreted with La.R.S. 15:566.2, gives a defendant whose sentence is not stayed one day to have his sentence amended. Additionally, with the enactment of Article 881.1, a defendant has 30 days after sentencing to file a Motion to Reconsider Sentence, and an illegal sentence can be corrected at any time pursuant to Article 882. Thus, a defendant is given sufficient time in which to convince the trial court to alter his sentence.
We are further guided by the Louisiana Supreme Court in State v. Guajardo, 428 So.2d 468, 470 (La.1983), which stated:
The language of Article 881 itself indicates that the execution of a sentence does not commence with its imposition, since the article contemplates a period of time after its imposition during which the trial judge may amend the sentence. *538 Furthermore, our law fixes the day after imposition as the point of commencement of a hard labor sentence. La.R.S. 15:566.2. (Emphasis added).
Thus, the trial court had no authority to amend the sentence. In the interest of justice, we vacate defendant's sentence and remand for resentencing.[2]

Withdrawal of Guilty Plea and Competency of Counsel
Although specific performance may be used to enforce a plea bargain, there was no plea agreement in the present case. A trial judge does not have the authority to enter into an ex parte plea agreement with a defendant. State v. Perrilloux, 99-1314 (La.App. 5th Cir.05/17/00), 762 So.2d 198; State v. Hamilton, 96-0807 (La.App. 4th Cir.06/07/96), 677 So.2d 539. The district attorney is the only official with the authority to engage in a plea bargain on behalf of the State. State v. Anthony, 99-0107, (La.App. 4th Cir.04/27/99), 735 So.2d 746, writ denied, 99-1360 (La.06/25/99), 746 So.2d 606; State v. Howard, 448 So.2d 150 (La.App. 1st Cir.1984), writ denied, 449 So.2d 1355 (La. 1984). Nonetheless, if defendant justifiably believed there was a plea bargain and pled guilty because of that justified belief, his guilty plea was not knowingly made and must be set aside and defendant be allowed to plead anew. State v. Jones, 398 So.2d 1049 (La.1981). This matter should have been handled by a post-conviction relief application and a contradictory hearing. We note that the trial judge stated that he may have to testify and that he "will deny that I ever said that it would never be more than ten years, emphatically deny that." Further, defense counsel clearly stated at the guilty plea hearing that sentencing would be based upon a PSI report. None of the affiants were subject to cross-examination despite the state's objection; however, because the trial court denied the defense motion to withdraw the plea, the state did not pursue its objection.
Accordingly, the case is remanded to the trial court to conduct a hearing to determine the circumstances bearing on the free and voluntariness of defendant's guilty plea.

Conclusion
For these reasons, we vacate and set aside defendant's sentence. We remand the case to the trial court for resentencing and to conduct a hearing to determine if the guilty plea is infirm and whether defendant should be allowed to withdraw his guilty plea.
SENTENCE VACATED AND SET ASIDE; REMANDED WITH INSTRUCTIONS.
STEWART, J., dissents with reasons to be assigned.
STEWART, J., dissenting.
I respectfully dissent. The majority is correct in its conclusion that the trial judge erred by resentencing the defendant. However, by remanding the case back to the trial court, the majority essentially forces the court to repeat the same error. In light of the facts presented in the record, I submit that this court should have vacated the defendant's sentence and set aside his guilty plea. At the hearing on January 2, 2001, the trial judge made the following observations: (1) that he considered the Motion to Amend Sentence timely filed and he considered it as a PCR *539 application which allowed for a full evidentiary review of whether the defendant received ineffective assistance of counsel; (2) that the allegations had merit; (3) that he did have the conversations with the defendant's attorney-Mr. Thomas; (4) there are clearly grounds for allowing the guilty plea to be withdrawn; (5) and that Mr. Thomas was incompetent counsel. Since the record is sufficient, this court may consider this claim in the interest of judicial economy on appeal. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Willars, 27,394 (La.App. 2nd Cir.9/27/95), 661 So.2d 673.
In alleging ineffective assistance of counsel, a defendant must satisfy a two-pronged test by showing first, his attorney's performance to be so deficient as to deny him the "counsel" guaranteed by the Sixth Amendment, and second, that those errors are so serious as to deprive the accused of a fair proceeding, i.e., one with a reliable result. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail under the Strickland test, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. State v. Jones, 29,805 (La.App. 2nd Cir.9/24/97), 700 So.2d 1034.
The record contains all pertinent transcripts regarding the defense counsel's ineffective assistance. Affidavits submitted by the defendant's attorney demonstrated that he had been given ineffective assistance of counsel, and that the facts warranted vacating his guilty plea. In fact, but for the defense counsel's self-admitted errors, the defendant would not have pled guilty, and insisted upon going to trial. Defense counsel admitted at the hearing on the motion to amend the sentence and in his affidavit that, but for his communication of such misinformation to the defendant and his parents, and his failure to put what he believed to be the agreement in the record, the defendant would not have pled guilty. Morever, the trial judge acknowledged that the record was clear that the defendant had been given ineffective assistance of counsel.
The majority asserts that the state objected to the affidavits offered in support of the defendant's contention that he received ineffective assistance of counsel. However, this statement ignores the fact that while the state objected to the affidavits when they were offered at the December 2000 hearing, the state did not counter the allegation at the January 2, 2001, hearing, nor has it ever made an attempt to counter any of the evidence offered. In fact, the state did not address the issue of ineffective assistance of counsel in its brief.
In sum, it is indisputable that the defendant's plea was not free and voluntary insofar as it was given upon the advice of ineffective counsel and should have been set aside.
NOTES
[1] Bubba Manasco pled guilty on April 17, 2000 to attempted aggravated rape, oral sexual battery and aggravated burglary and received a 30 year hard labor sentence. See State v. Manasco, 34,236 (La.App.2d Cir.02/28/01), 782 So.2d 111.
[2] We note that at the January 2, 2001 hearing, the trial court stated that it had directed defense counsel to file a motion to amend the sentence. The record does not reflect when this occurred. Clearly, the trial court wanted to reconsider its sentence. Thus, we remand rather than reinstate the original 15 year sentence.