# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 13-627

STATE OF LOUISIANA

VERSUS

THADDIUS BROCK BERGERON

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 131236
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE
**********

### ELIZABETH A. PICKETT
### JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.

**AFFIRMED.**
**REMANDED WITH INSTRUCTIONS.**

Michael Harson
District Attorney, 15th JDC
Ronald E. Dauterive
Assistant District Attorney
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
COUNSEL FOR APPELLEE:
    State of Louisiana

Daniel James Stanford
Attorney at Law
812 Johnston Street
Lafayette, LA 70501
(337) 232-2272
COUNSEL FOR DEFENDANT-APPELLANT:
    Thaddius Brock Bergeron

**PICKETT, Judge.**

**FACTS**

On September 11, 2006, the defendant, Thaddius Brock Bergeron, pled guilty to operating a vehicle while intoxicated in the Thirteenth Judicial District Court, Evangeline Parish, under docket number 72152-T. He was represented by counsel at the time he pled guilty. On October 10, 2006, the defendant pled guilty to operating a vehicle while intoxicated in the Eighteenth Judicial District Court, Pointe Coupee Parish, under docket number 72720. He was not represented by counsel at the time he pled guilty.

The defendant was charged on January 24, 2011, with operating a vehicle while intoxicated, third offense, a violation of La.R.S. 14:98. On October 11, 2012, the defendant filed a "Motion to Quash Bill of Information for 3rd Offense DWI and Incorporated Memorandum of Law." A hearing was held on the defendant's motion on October 25, 2012, following which the trial court denied the motion. The defendant pled guilty on February 25, 2013, to operating a vehicle while intoxicated, third offense. However, he reserved his right to appeal the October 25, 2012 denial of his motion to quash pursuant to *State v. Crosby*, 338 So.2d 584 (La.1976). He was sentenced to five years at hard labor with all but one year suspended, without the benefit of parole, probation, or suspension of sentence, and credit for time served.

The defendant has perfected a timely appeal, wherein he alleges the trial court erred when it ruled that he knowingly and intelligently waived his right to counsel prior to entering his guilty plea to the second offense of operating a vehicle while intoxicated; accordingly, the trial court erred when it denied his motion to

quash the bill of information charging the current offense of operating a vehicle while intoxicated as a third offense.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there is one error patent and the court minutes of sentencing require correction.

For third offense D.W.I., La.R.S. 14:98(D)(1)(a) (emphasis added) provides in pertinent part:

> [T]he offender shall be imprisoned with or without hard labor for not less than one year nor more than five years . . . . One year of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court, in its discretion, may suspend all or any part of the remainder of the sentence of imprisonment. If any portion of the sentence is suspended, the offender shall be placed on supervised probation with the Department of Public Safety and Corrections, division of probation and parole, *for a period of time equal to the remainder of the sentence of imprisonment*, which probation shall commence on the day after the offender's release from custody.

The trial court sentenced the defendant to five years at hard labor with all but one year suspended. He was placed on probation for five years. Louisiana Revised Statutes 14:98 requires the probation to be for a period of time equal to the remainder of the sentence of imprisonment, which in this case is four years. Accordingly, we hereby amend the term of probation to four years and instruct the trial court to make an entry in the court minutes reflecting the change. *Cf. State v. Jacobs*, 10-292 (La.App. 3 Cir. 10/6/10), 48 So.3d 1218.

Additionally, we find the court minutes of sentencing require correction. The trial court imposed all of the conditions of probation listed on the plea form, and it reviewed some of the conditions with the defendant in open court. One of

2

the conditions listed on the form is that the defendant "shall be under home incarceration pursuant to a program approved by the division of probation and parole for the remainder of the sentence of imprisonment." However, the court minutes of sentencing state that the term of home incarceration is six months. The trial court is instructed to correct the court minutes of sentencing to correct the length of home incarceration imposed as a condition of probation.

## **ASSIGNMENT OF ERROR**

The issue before this court is whether the second conviction for operating a vehicle while intoxicated was a valid plea for the purpose of sentencing the defendant as a third offender pursuant to La.R.S. 14:98(D)(1)(a).

The defendant alleges that at the hearing on his motion to quash the bill of information, "the State did not carry its burden of proving that Mr. Bergeron was represented by counsel or that he had knowingly and intelligently waived his right to representation by counsel." At the hearing, the defendant argued that according to the October 10, 2006 transcript of the guilty plea hearing, the trial court did not specifically engage the defendant as to his right to counsel, that "[i]t can't be simply yes-or-no answers[.]" However, after reviewing the record, the current trial court determined that the prior trial court engaged the defendant extensively. The prior trial court asked him whether he understood all the rights he was waiving by pleading guilty without counsel and discussed with him the differences between a plea of no contest and a guilty plea.

In brief, the defendant further points out that it was not until after the prior trial court pronounced the sentence that the court asked him certain questions regarding his age, background, education, and mental health—questions that were

to be asked to determine a defendant's ability to knowingly and intelligently waive counsel.

> An uncounseled misdemeanor conviction, absent a valid waiver of counsel, may not serve as the predicate for enhancement of a subsequent DWI offense. *See, State v. Stevison,* 97-3122 (La.10/30/98), 721 So.2d 843, 844. The State bears the burden of proving that an unrepresented defendant knowingly and intelligently waived his right to counsel before pleading guilty to a predicate misdemeanor DWI that is used to enhance a subsequent DWI offense. *See, State v. Boudreaux,* 99-1017 (La.App. 5 Cir. 2/16/00), 756 So.2d 505, 508. *Accord, State v. Rodrigue,* 01-377 (La.App. 5 Cir. 8/28/01), 795 So.2d 488, 493. The determination of the validity of the accused's waiver of counsel rests on the totality of the circumstances in each case. *State v. Stevison, supra*.

*State v. Bush,* 03-1438, p. 4 (La.App. 5 Cir. 4/27/04), 873 So.2d 795, 798.

Furthermore, in *State v. Strain,* 585 So.2d 540, 543-44 (La.1991), the supreme court stated:

> When an accused waives his right to counsel in pleading guilty to a misdemeanor, the trial judge should expressly advise him of his right to counsel and to appointed counsel if he is indigent. The judge should further determine on the record that the waiver is made knowingly and intelligently under the circumstances. Factors bearing on the validity of this determination include the age, education, experience, background, competency and conduct of the accused, as well as the nature, complexity and seriousness of the charge. The nature of the self-representation to be undertaken is also significant, since a layman obviously can more easily understand from a brief explanation by the judge the significance of a guilty plea than he can the significance of defending himself in a felony trial, with the latent dangers and pitfalls attendant thereto. Determining the defendant's understanding of his waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial.

At the October 10 guilty plea hearing, the defendant was *Boykinized* with three other offenders. The trial court explained to all their constitutional right to have counsel appointed if they should desire, the right to a jury trial, to confront witnesses, and that it was the state's burden to prove their guilt beyond a

reasonable doubt. The trial court also explained the elements of the offense of operating a vehicle while intoxicated, including the sentencing range for a first offense, and the affect of the conviction on subsequent convictions. The trial court then addressed the defendant, as follows:

> THE COURT: What's your name?
>
> MR. BERGERON: Thaddius Bergeron.
>
> . . . .
>
> THE COURT: All right. Mr. Bergeron, you understand your constitutional rights that I advised you of?
>
> MR. BERGERON: Yes, sir.
>
> THE COURT: Would you like me to repeat all or any portions of them?
>
> MR. BERGERON: No, sir.
>
> THE COURT: Do you have any questions about them?
>
> MR. BERGERON: No, sir.
>
> THE COURT: Do you give up your constitutional rights and admit to the charge of DWI First Offense?
>
> MR. BERGERON: I'd like to plead, Your Honor, No Contest.
>
> THE COURT: No; he's pleading to a Second Offense?
>
> MR. BERGERON: Yes, sir.
>
> THE COURT: Right, Mrs. Lucas? [prosecutor] He's pleading to a Second Offense?
>
> MRS. LUCAS: He is pleading to a Second, Your Honor. His First, and if I could verify that for you, was September 11th, 2006, Number 72,152, Thirteenth Judicial District, Evangeline Parish; is that correct?
>
> MR. BERGERON: Yes, ma'am.

At this point, the state explained to the trial court that the defendant had pled guilty a month earlier to the first offense of operating a vehicle while intoxicated.

He was on a fast track expungement in that district court, but because the current (second) offense was pending, the expungement could not proceed. When the trial court asked what a fast track expungement was, the defendant explained it to the trial court. After discussing the basis of the plea, the trial court asked:

> THE COURT: So, why are you pleading -- why do you want to plead No Contest?
>
> MR. BERGERON: That's what I was told to plead, Your Honor.
>
> THE COURT: Well, who told you that, may I ask?
>
> MR. BERGERON: Just by many – many people; just – they said it's Not Guilty and it's – you're not pleading Guilty, so just plead No Contest.
>
> THE COURT: But I mean the consequences are – there's no difference whatsoever. The only thing a No Contest does is if you were involved in a – like an automobile accident, they couldn't use your admission of guilt against you at a civil trial. So you just plead No Contest. That way, you make them prove it at a civil trial; so they don't use it against you. You understand that?
>
> MR. BERGERON: Yes, sir. I'll –
>
> THE COURT: Okay.
>
> MR. BERGERON: -- plead Guilty, then.

After a short discussion regarding the defendant's guilt and the sentencing range for a second conviction, the trial court continued:

> THE COURT: All right. Where are you from, Mr. Bergeron?
>
> MR. BERGERON: Ville Platte.
>
> THE COURT: Ville Platte? You know a lawyer by the name of Gilbert Aucoin?
>
> MR. BERGERON: Yes, sir; that was my lawyer for the other one.
>
> THE COURT: So –
>
> (LAUGHTER).

6

THE COURT: Now I'm getting somewhere. So did you plead no Contest to the first one?

MR. BERGERON: So, sir; the first one, he just told me to plead Guilty.

THE COURT: Did Mr. Aucoin tell you to –

MR. BERGERON: I didn't –

THE COURT:  -- plead –

MR. BERGERON: -- discuss it with him about this one.

The trial court then accepted the guilty plea. After sentencing the defendant, the trial court discussed options for treatment, and after speaking briefly with the defendant's mother, the trial court asked if the defendant had a substance abuse problem and was told he was on medication for manic depression and a bi-polar condition.   The trial court then asked:

THE COURT: Are you working, son?

MR. BERGERON: Yes, sir.

THE COURT: Okay. Now, let me ask you this. There's a few other things I want to clean up with you. Listen to me. Any – anybody promise or threaten you to plead guilty?

MR. BERGERON: No, sir.

THE COURT: You're doing this freely and voluntarily?

MR. BERGERON: Yes, sir.

THE COURT: You can read and write?

MR. BERGERON: Yes, sir.

THE COURT: What grade did you complete?

MR. BERGERON: High school.

THE COURT: Okay. Do you have a job?

MR. BERGERON: Yes, sir.

THE COURT: Where do you work?

MR. BERGERON: Offshore.

THE COURT: Okay. Well – and you understand and you fully appreciate what you did here this morning by admitting to the charge?

MR. BERGERON: Yes, sir.

In brief, the defendant argues that "the judge did not make an inquiry into the factors necessary to determine whether Mr. Bergeron was knowingly and intelligently waiving his right to counsel. Any after-the-fact inquiry, via yes and no questions by the judge, is wholly insufficient to cure the defective waiver of right to counsel."

In *Strain*, 585 So.2d 540, the defendant also was charged with operating a vehicle while intoxicated, third offense. He filed a motion to quash the bill of information asserting that second offense not valid because the state failed to show that he knowingly and intelligently waived his right to counsel. Finding that there was an intelligent waiver of counsel, the supreme court noted:

> The crime of driving while intoxicated is a non-complex crime, even among misdemeanors, and is almost self-explanatory. Moreover, this defendant had previously pleaded to and been punished for the exact same crime so that he was even more familiar with the nature of the crime. The judge also properly reminded defendant that this was a second offense and that a third commission of the same crime would likely result in a penitentiary sentence. Only after this determination of defendant's ability to understand the waiver of counsel did the judge advise defendant regarding the right to counsel and then explain the significance of a guilty plea by advising of the rights being given up.
>
> While some cases may call for additional explanation or inquiry, nothing in the colloquy of the present case or in defendant's subsequent pleadings, briefs or other arguments to any court suggests that defendant did not fully understand the significance of the waiver of counsel or of the plea. There is also no suggestion that if the judge had warned him of any particular danger or pitfall of self-representation, defendant would not have waived counsel or pleaded

8

guilty. Nor is there any hint of prejudice to the defendant from the lack of any particular or general warning.

*Id.* at 544 (footnotes omitted).

The trial court in the prior case had enough one-on-one conversation with the defendant to determine his understanding of his right to counsel and that he was capable of intelligently waiving counsel in this case. While many of the trial court's questions received yes or no responses, the defendant discussed his first guilty plea with the trial court. He explained to the trial court what the "fast track expungement" was all about. The defendant further advised the trial court who his attorney was for the first conviction.  He discussed to some degree with his attorney the second charge, which was pending at the time of his first conviction. As in *Strain*, the defendant was already familiar with the process, and he was not charged with a complicated crime.

While it is correct that the trial court did not question the defendant regarding his education, work experience, and whether he was induced in any way to plead guilty until after he had accepted the guilty plea and imposed the sentence, a sentence is not deemed to be executed until the day after pronouncement. *See State v. Branch*, 96-1626 (La.App. 3 Cir. 5/21/97), 696 So.2d 81, and *State v. Sholar*, 35,047 (La.App. 2 Cir., 10/31/01), 801 So.2d 534. Accordingly, once a defendant is sentenced, only those guilty pleas which are constitutionally infirm may be withdrawn by appeal or post-conviction. *State v. Scott*, 08-703 (La.App. 5 Cir. 1/27/09), 8 So.3d 658, *writ denied*, 09-650 (La. 12/11/09), 23 So.3d 910. The trial court was in a position to immediately withdraw the defendant's guilty plea on its own motion should the late questioning have revealed that the defendant's waiver of counsel was not knowingly and intelligently made.

We find there is no merit to this assignment of error. The trial court did not err when it denied the defendant's motion to quash the bill of information charging him with operating a vehicle while intoxicated, third offense.

## CONCLUSION

The defendant's conviction is affirmed. Furthermore, this court hereby amends the term of probation from five years to four years and instructs the trial court to make an entry in the court minutes reflecting the change. Additionally, the trial court is instructed to correct the court minutes of sentencing to correctly reflect the length of home incarceration imposed as a condition of probation.

**AFFIRMED.**
**REMANDED WITH INSTRUCTIONS.**